UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN LEONARD, | Case No. 1:21CV01215 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| BEDROCK MANAGEMENT SERVICES, LLC, | |
| Defendant. | |

**OPINION AND ORDER**

On June 21, 2021, *pro se* plaintiff Brian Leonard filed this complaint against Bedrock Management Services, LLC, alleging a violation of Title II of the Civil Rights Act of 1964 regarding places of public accommodation, 42 U.S.C. § 2000a et seq., and discrimination in violation of Ohio Revised Code § 4112.02(G) (Doc. No. 1). He seeks $250,000 in damages. Plaintiff has also filed an application to proceed *in forma pauperis* (Doc. No. 2).

**Background**

Plaintiff appears to allege discrimination based on his race, in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, and Ohio Revised Code § 4112.02(G). Plaintiff states in his Complaint that on December 17, 2019, he purchased a lottery ticket from a vendor at Tower City. He contends that a security guard instructed him to leave. (Doc. No. 1 at 3). Plaintiff claims that the security guard "always followed [him] for no reason"; he is not welcome at Tower City; he "never caused any problems other than my race being black"; and "they tell[] security

to harass … and intimidate people of color." (*Id.* at 4). Plaintiff asserts that his civil rights have been violated as a result of the security guard's actions.

Plaintiff seeks $250,000 "for retaliation that happen[ed] back in February and March of 2020" after he filed a complaint with the Ohio Civil Rights Commission. (*Id.* at 4-5).

## Discussion

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. Additionally, an action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). *See also Lawler*, 898 F.2d at 1199.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint

contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

The Supreme Court explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Further, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Plaintiff alleges that Defendant discriminated against him in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, and Ohio Revised Code § 4112.02(G), because of his race.

Title II prohibits public accommodations from discriminating on the basis of race, color, religion, or national origin. 42 U.S.C. § 2000a. To establish a prima facie case of race discrimination under Title II, Plaintiff must allege facts suggesting that he (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment by the defendants; and (4) was treated less favorably by the defendants than similarly situated persons who are not members of the protected class. *Fall v. LA Fitness*, 161 F. Supp. 3d 601, 605-06 (S.D. Ohio 2016) (a Title VII-inspired burden shifting analysis for Title II public accommodation claims is appropriate) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)) (further citation omitted); *Bormuth v. Dahlem Conservancy*, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011) (same). The remedy provided by Title II, is limited to injunctive and declaratory relief. *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enters, Inc.*, 390 U.S. 400, 402, 88 S. Ct. 964, 19 L.Ed.2d 1263 (1968) (stating that "[w]hen a plaintiff brings an action under [Title II], he cannot recover damages"); *Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 241 (6th Cir. 1990) (finding that "Title II only permits the issuance of an injunction and declaratory relief."); *Paschal v. Doctors Assocs.*, No. 4:17cv1635, 2017 U.S. Dist. LEXIS 152087, at *8-9 (N.D. Ohio Sep. 19, 2017) (finding plaintiff failed to state a claim for relief because he seeks only monetary damages).

Here, Plaintiff seeks money damages only for the "retaliation" that he experienced in March and February, 2020. (Doc. No. 1 at 4). Because the remedy

Plaintiff seeks is not available under Title II, he fails to state a claim upon which relief may be granted. *Paschal*, 2017 U.S. Dist. LEXIS 152087, at *8-9; *see also LA Fitness*, 161 F. Supp. 3d at 604. Plaintiff's Title II claim is therefore dismissed.

To the extent Plaintiff claims a civil rights violation under Ohio Revised Code § 4112.02(G), the Court declines to exercise supplemental jurisdiction over those claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if that court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision to exercise supplemental jurisdiction depends on "judicial economy, convenience, fairness, and comity [...]." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Having dismissed Plaintiff's federal claims at this early stage of litigation, the Court declines to exercise supplemental jurisdiction over any state law claim Plaintiff may have asserted.  Plaintiff's state law claims are therefore dismissed without prejudice.

## Conclusion

For the foregoing reasons, Plaintiff's complaint alleging a violation of Title II is dismissed pursuant to 28 U.S.C. § 1915(e).  To the extent Plaintiff claims a violation

of his rights under state law, his claim is dismissed without prejudice. Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**SO ORDERED.** Dated: September 15, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio